IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

HARRY HUBBARD,

    Petitioner,

v.

C. CARTER, WARDEN,

    Respondent.

Civil Action No.: BAH-24-729

## MEMORANDUM OPINION

Petitioner Harry Hubbard, a federal inmate, filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, seeking application of First Step Act ("FSA") time credits and projected time credits. ECF 1. Respondent Warden C. Carter of the Federal Correctional Institution in Cumberland, Maryland ("FCI-Cumberland") filed a Motion to Dismiss the Petition or, in the Alternative, for Summary Judgment. ECF 6. Hubbard opposes the Motion (ECF 8); Respondent replied (ECF 11). Having reviewed the Petition and Motion, the Court finds that no hearing is necessary. Rules 1(b), 8, *Rules Governing Section 2254 Cases in the United States District Courts*; D. Md. Local R. 105.6 (2023). For the reasons set forth below, the Court will grant Respondent's Motion.

### I.    BACKGROUND

Hubbard is serving a 160-month term of imprisonment pursuant to his conviction in the United States District Court for the Northern District of Ohio for conspiracy to distribute controlled substances in violation of 18 U.S.C. § 841(a)(1) and 18 U.S.C. § 846. ECF 6-2 at ¶ 3, pg. 6. Hubbard's projected release date is December 2, 2025. *Id.* at ¶ 4.

On June 16, 2022, after review by the Bureau of Prisons ("BOP"), Hubbard was determined eligible to receive FSA time credits. ECF 6-2 at ¶ 5, pg. 9. Hubbard's recidivism risk level was medium as of January 10, 2024, pursuant to the Prisoner Assessment Tool Targeting Estimated Risk and Need ("PATTERN"). *Id.* at ¶ 6, pg. 12. Hubbard has earned 365 days toward his statutory release date and 265 days towards prerelease custody, which can be applied once Hubbard reaches a low or minimum risk level under PATTERN. *Id.* at ¶ 7, pg. 15.

Hubbard asserts that the BOP's failure to apply his time credits to his sentence violates his rights under the Fifth Amendment Due Process Clause and the Ex Post Facto Clause of the U.S. Constitution. ECF 1 at 1-2, 7. He also states that the PATTERN tool will not reduce his score any further in violation of 5 U.S.C. § 551 of the Administrative Procedures Act ("APA") and that his requests for application at his current level have been unsuccessful. *Id.* at 1; ECF 1-1 at 2. Hubbard argues that he should be scored from the effective date of the FSA, December 18, 2018, rather than having prior conduct considered in his score. ECF 1-1 at 7. As relief, Hubbard seeks the application of his FSA credits. *Id.*

## II. ANALYSIS

Respondent asserts that the Petition must be dismissed for five reasons: (1) Hubbard is not entitled to immediate applicability of his FSA time credits because he is a medium-risk level inmate; (2) Hubbard does not have a liberty interest in the application of FSA time credits; (3) Hubbard fails to state a claim for relief under both the Equal Protection Clause and the Ex Post Facto Clause; (4) Hubbard fails to meet the procedural threshold to bring forth an APA violation; and (5) the Court lacks subject matter jurisdiction to determine whether Hubbard is eligible to apply FSA time credits towards prerelease custody or towards supervised release. ECF 6-1 at 2.

Only the Attorney General, acting through the BOP, may administer a federal inmate's sentence. *See* 18 U.S.C. § 3621; *United States v. Wilson*, 503 U.S. 329, 335 (1992). This includes determining where an inmate serves his sentence as well as time credits. *See* 18 U.S.C. § 3621(b); *Wilson*, 503 U.S. at 335. "A claim for credit against a sentence attacks the computation and execution of the sentence rather than the sentence itself." *United States v. Miller*, 871 F.2d 488, 490 (4th Cir. 1989). Such challenges must be brought in a petition for habeas corpus relief under 28 U.S.C. § 2241 in a prisoner's district of confinement. *Id.*; *Fontanez v. O'Brien*, 807 F.3d 84, 87 (4th Cir. 2015) (recognizing "attacks on the execution of a sentence are properly raised in a § 2241 petition") (internal quotation and citation omitted).

Relevant here, the FSA allows inmates to earn early release credits for participation in certain programming. *See Torok v. Beard*, No. CV PX-21-1864, 2022 WL 2703836, at *1 (D. Md. July 12, 2022); *Llufrio v. Johns*, No. 5:19-CV-122, 2020 WL 5248556, at *2 (S.D. Ga. Aug. 13, 2020); *see also* 18 U.S.C. § 3621(h). The FSA was enacted on December 21, 2018. *See* 18 U.S.C. § 3632. Within 210 days of enactment, the Attorney General was charged with developing and releasing a Risk and Needs Assessment System ("the System"). *Id.* The System is for: (1) determining an inmate's risk of recidivism; (2) assessing an inmate's risk of violence or serious misconduct; (3) determining the type and amount of evidence-based recidivism reduction ("EBRR") programs appropriate for each inmate; (4) periodically assessing an inmate's recidivism risk; (5) reassigning an inmate to appropriate EBRR programs and productive activities ("PAs") as needed; (6) determining when to provide incentives and rewards for successful participation in EBRR programs and PAs; and (7) determining when the inmate is ready to transfer to pre-release custody or supervised release. *See* § 3632(a). Further, the System provides guidance on the "type, amount, and intensity of EBRR programs and PAs to be assigned to each inmate based on the

inmate's specific criminogenic needs." *Kurti v. White*, No. 1:19-CV-2109, 2020 WL 2063871, at *4 (M.D. Pa. Apr. 29, 2020) (citing 18 U.S.C. § 3632(b)). The FSA allows eligible inmates who successfully complete EBRR programs or PAs to receive earned time credits to be applied toward time in pre-release custody or supervised release. *See* 18 U.S.C. § 3632(d)(4)(A).

In accordance with the FSA, the BOP implemented the PATTERN system to identify each inmate's needs and risk profile related to possible recidivism. Each level of recidivism risk is assigned a range of points depending on gender and whether the inmate was convicted of a violent offense. *See The First Step Act of 2018: Risk and Needs Assessment System—UPDATE*, Jan. 2020, available at https://www.bop.gov/inmates/fsa/docs/the-first-step-act-of-2018-risk-and-needs-assessment-system-updated.pdf (last visited Feb. 12, 2025). PATTERN considers both static and dynamic factors including: (1) age at time of assessment, (2) any infraction convictions during current incarceration, (3) serious and violent infraction convictions during current incarceration, (4) free of any infractions, (5) free of any serious and violent infractions, (6) program completions, (7) work programming, (8) drug treatment while incarcerated, (9) noncompliance with financial responsibility, (10) currently incarcerated on violent offence, (11) sex offender (Walsh) status, (12) criminal history score, (13) history of violence, (14) history of escapes, and (15) education score. *U.S. Dep't of Justice, 2020 Review and Revalidation of the First Step Act Risk Assessment Tool*, 2021, at 12-13, available at https://www.ojp.gov/pdffiles1/nij/256084.pdf (last visited Feb. 13, 2025).

Based on this information, PATTERN assigns one of four "risk of recidivism" scores: minimum, low, medium, or high. *Id.*; *see also* Male Pattern Risk Scoring, available at https://www.bop.gov/inmates/fsa/docs/male_pattern_form.pdf (last visited Feb. 12, 2025). Inmates, however, cannot begin having these earned time credits ("ETCs") applied to their

4

sentence until they attain either a low or minimum risk level under PATTERN. *See* Bureau of Prisons, Program Statement 5410.01 CN-2, *First Step Act of 2018—Time Credits: Procedures for Implementation of 18 U.S.C. § 3632(d)(4)*, Mar. 10, 2023, available at https://www.bop.gov/policy/progstat/5410.01_cn2.pdf (last visited Aug. 28, 2024).

The FSA allows eligible inmates who successfully complete EBRR programs or PAs to receive ETCs to be applied toward time in pre-release custody or supervised release. *See* 18 U.S.C. § 3632(d)(4)(A). To be eligible to earn ETCs, inmates must not have a conviction for a disqualifying offense. *See* 18 U.S.C. § 3632(d)(4)(D). An eligible inmate may earn ten (10) days of credit for every thirty (30) days of successful participation in EBRR programs or PAs. *See* § 3632(d)(4)(A). Additionally, eligible inmates who have been assessed at a minimum or low risk of recidivism, who maintain their low risk of recidivism over two (2) consecutive assessments, may earn an additional five (5) days of time credit for every thirty (30) days of successful participation. *See id.*

As noted, Hubbard has been earning ETCs but because he is a medium-risk level under PATTERN, he is not eligible for those credits to be applied to his sentence. Hubbard argues that he should be scored from the enactment of the FSA in 2018 rather than from the beginning of his term of incarceration, which began April 27, 2015. *See* ECF 6-2 at 6; *see also* ECF 8. This would be consistent with the manner in which Hubbard and others are earning ETCs. "An inmate cannot earn FSA Time Credits for programming or activities in which he or she participated before December 21, 2018, the date of enactment of the First Step Act of 2018." 28 C.F.R. § 523.42(b)(1). Thus, Hubbard may only earn FSA credits for the EBRR programs or PAs he has participated in since December 21, 2018, but his PATTERN score relies on factors that occurred before that date.

Although Hubbard has a medium PATTERN score, he may still seek application of his earned FSA credits under 18 U.S.C. § 3624. A prisoner may petition the Warden of their institution to be transferred to prerelease custody or supervised release if the Warden finds that the prisoner (1) would not be a danger to society if transferred, (2) has made "a good faith effort to reduce their recidivism risk" by participating in available programs, and (3) is unlikely to recidivate. 18 U.S.C. § 3624(g)(1)(D)(i)(II). BOP Program Statement 5410.01 allows an inmate to file such a petition by submitting a BP-A0148 Inmate Request to Staff during their Program Review. ECF 6-2 at ¶ 8 (citing Bureau of Prisons, Program Statement 5410.01 CN-2). The BOP has no record of Hubbard filing a BP-A1048 form for the Warden's review. *Id.* at ¶ 9. Having a medium-risk PATTERN score and not having sought or received a Warden's approval for transfer to prerelease custody or supervised release despite his score, Hubbard is not entitled to application of his ETCs nor to a transfer to prerelease custody.

As to the consideration of Hubbard's criminal history prior to the enactment of the FSA, this Court does not have jurisdiction under the APA to review the BOP's determination.[1]

> While the APA provides for judicial review of agency action in some circumstances, Congress exempted from judicial review BOP actions "making [] any determination, decision, or order under," *inter alia*, § 3621. 18 U.S.C. § 3625…In other words, "judicial review is not available for any *adjudication* by the BOP." *Minotti v. Whitehead*, 584 F. Supp. 2d 750, 761 (D. Md. 2008) (emphasis in original). Courts in this district have defined a "BOP adjudication" as consisting of "retrospective particularized fact-finding for each prisoner."

---

[1] To the extent Hubbard seeks to bring an APA claim against use of the PATTERN system generally, he may not do so in the context of this § 2241 habeas action. Such a challenge is appropriately raised in a regular civil action. *See Richmond v. Scibana*, 387 F.3d 602, 605 (7th Cir. 2004) ("A judge could do no more than determine the extent of the Bureau's discretion to make placement decisions; the substance of any eventual decision is not at issue. Parole litigation supplies a helpful analogy: a prisoner claiming a right to *release* on parole must use § 2241 (or § 2254 for a state prisoner); but a prisoner claiming that parole officials are apt to use incorrect rules when resolving a future application must use the APA (or 42 U.S.C. § 1983 for a state prisoner).") (internal citations omitted).

*Belcher v. Stewart*, Civ. No. CCB-18-3471, 2020 WL 512731, at *3 (D. Md. Jan. 30, 2020) (citations omitted). The BOP made a specific determination within its discretion, using the PATTERN system, regarding Hubbard's ability to have his ETCs applied to his sentence. This Court does not have jurisdiction to review that adjudication, or the BOP's consideration of his criminal history as a factor in their decision, and therefore Hubbard's Petition must be dismissed.

### III. CONCLUSION

For the reasons set forth above, the Court will grant Respondent's Motion to Dismiss the Petition or, in the Alternative, for Summary Judgment.

A separate Order follows.

<u>  2/18/2025  </u>                                     <u>  /s/  </u>
Date                                                          Brendan A. Hurson
                                                                  United States District Judge